**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Tyrell Boyd,<br><br>                              Plaintiff,<br><br>     -v-<br><br>Liberty Ashes, Inc.,<br><br>                              Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Tyrell Boyd ("Plaintiff" or "Boyd"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendant Liberty Ashes, Inc. ("LAI" or "Defendant") respectfully alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges, that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover his unpaid wages, severance pay, unlawful wage deductions due under law, contract/agreement, under Article 6 of the New York Labor Law including Section 191, 193, 198, unpaid accrued time/benefits, and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New

York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Tyrell Boyd ("Plaintiff" or "Boyd") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief, and at all times relevant herein, Liberty Ashes, Inc. ("LAI" or "Defendant") was a New York corporation with its principal place of business located at 94-02 150th Street, Jamaica, NY, 11435, where Plaintiff was employed.

9. Upon information and belief and at all times relevant herein, Defendant controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record- keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff.

10. At all times relevant herein, Plaintiff was employed by Defendant.

## STATEMENT OF FACTS

11. Upon information and belief, and at all relevant times herein, Defendant was in the waste

collection and disposal business.

12. Upon information and belief, and at all relevant times herein, Defendant employed approximately 90 or more employees.

13. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendant from in or around December 2020 to in or around December 2022.

14. At all times relevant herein, Plaintiff was employed by Defendant as a manual worker in New York City – helping to transport waste and debris from Defendant's sites in New York County and Queens County to Defendant's location in Queens.

15. At all times relevant herein, Plaintiff worked about 60-72 or more hours each week for Defendant – 5-6 days a week with the exception of about 2-3 weeks each year.

16. For the first year or so of his employment with Defendant, Plaintiff was paid for up to about 10 overtime hours at 1.5 times his hourly rate, but Plaintiff was not paid any wages for his remaining overtime hours worked each week during this one-year period.

17. In addition, Defendant had a policy and practice throughout Plaintiff's employment of improperly deducting about 30-60 minutes or more each day from Plaintiff's work time. However, due to the demands of his job, Plaintiff did not receive a "bona fide" meal break within the meaning of the FLSA and NYLL. 29 C.F.R. § 785.18; 29 C.F.R. § 785.19. As a result, Plaintiff is owed overtime wages for about 3-6 overtime hours worked each week during his employment with Defendant - with the exception of about 2-3 weeks each year, which he seeks to recover with this action and for which he was not paid any wages.

18. Plaintiff's hours worked and wages paid may be refined after Defendant produces employment, time and wage records it was required to keep under the FLSA and NYLL. *Accurate* records of Plaintiff's time, wages and employment that Defendant was required to keep pursuant to the FLSA and NYLL are incorporated by reference herein.

19. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir.

3

2021)("For example, the purported hiring notice Azoulay cites lacks required information about the employer (such as contact information and the corporate or business name), as well as required information about tip credit or tip policy. Similarly, Azoulay relies on purported wage notices that lack required information regarding all hours worked and wages paid. See Appellee Br. at 16-21.").

20. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) - the statements provided to Plaintiff did not reflect all hours worked, nor all wages earned, among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021)("For example, the purported hiring notice Azoulay cites lacks required information about the employer (such as contact information and the corporate or business name), as well as required information about tip credit or tip policy. Similarly, Azoulay relies on purported wage notices that lack required information regarding all hours worked and wages paid. See Appellee Br. at 16-21.").

21. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

22. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

23. At all times applicable herein and upon information and belief, Defendant conducted business outside the State of New York involving materials and services.

24. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

25. Defendant as a regular part of their business, engaged in credit card transactions with involving banks and other institutions outside the state of New York.

26. At all times applicable herein and upon information and belief, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

27. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet, electronic mail and telephone systems.

28. All times applicable or relevant herein as to the FLSA overtime claim refers to refers to Plaintiff's period of employment with Defendant.

29. All times applicable or relevant herein as to the NYLL overtime claim refers to Plaintiff's period of employment with Defendant.

30. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week.

31. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

32. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

33. "Plaintiff" as used in this complaint refers to the named Plaintiff.

34. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

35. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if set forth fully and at length herein.

36. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC § 201 et Seq.

37. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

38. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

39. At all times relevant herein, Defendant failed and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

### **Relief Demanded**

40. Plaintiff is entitled to recover from Defendant, his unpaid overtime wages, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### **AS AND FOR A SECOND CAUSE OF ACTION**
### **NYLL 650 et Seq. (Unpaid Overtime)**

41. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

42. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

43. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12

NYCRR § 142-2.2.

### Relief Demanded

44. Plaintiff is entitled to recover from Defendant, his unpaid overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

### AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

45. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 43 above with the same force and effect as if fully set forth at length herein.

46. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

47. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all his wages including his non-overtime and overtime wages (FLSA and NYMWA), within the time required under NY Labor Law § 190 et seq.

48. At all times relevant herein, Plaintiff is owed at least $5,000 -$10,000 of earned and accrued paid time off for which he has not been paid but for which he is entitled to payment and payment that he seeks to recover through this action.

49. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

50. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to

recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

### Relief Demanded

51. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his non-overtime and overtime wages, (FLSA and NYMWA), wage deductions, wages due under law, contract/agreement, unpaid accrued time/benefits, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

52. Declare Defendant (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

53. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

54. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

55. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his overtime wages, (FLSA and NYMWA), non-overtime wages, wage deductions under law, contract/agreement, unpaid accrued time/benefits, maximum liquidated damages, prejudgment interest, maximum recovery for violations of

NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

56. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

57. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
       **January 29, 2023**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com