# HOROWITZ
## LAW GROUP, LLC

49 ROUTE 202, PO BOX 13
FAR HILLS, NEW JERSEY 07931
TEL: 973-789-8300 · FAX: 973-789-8345

STEVEN B. HOROWITZ · NJ, GA
RAE T. HOROWITZ · NJ, GA

ALISON G. GREENBERG · NJ, NY

OF COUNSEL
CHAD B. FRIEDMAN · NJ, NY
JAIMIE A. SLOSBERG · NJ, NY

March 9, 2023

**VIA ECF ONLY**
The Honorable Nina R. Morrison
Judge, United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:   Tyrell Boyd v. Liberty Ashes, Inc.
      Case No. 23-CV-00641 (NRM)(RER)

Dear Judge Morrison:

As your files should reflect, this office represents Defendant Liberty Ashes, Inc. ("Liberty") as it relates to the above referenced matter. In accordance with your Individual Practice Rule Section 5.1, please accept this correspondence as my clients request to file a Motion to Dismiss this case and to Compel Arbitration.

In this regard, Defendant Liberty is party to a Collective Bargaining Agreement ("CBA") with L. 890, League of International Federated Employees (LIFE), the terms of which contain an Arbitration Clause that specifically cover employees in the capacity of which Plaintiff claims he was performing, as well as claims involving the FLSA and any issues of failure to pay minimum wages and/or overtime. Attached is the first page, Arbitration Clause language, and the signature page related to that agreement for the Court's review.

The Arbitration clause that is in this CBA was also in the prior CBA between this Union and Liberty, which was in turn was ratified by the employees prior to signature and implementation.  See *Epic Systems Corp v. Lewis*, 138 S. Ct. 1612 (2018) and *Abdullayeva v. Attending Homecare Services, LLC,* 928 F. 3rd 218 (2nd Circ., 2019).

NLRB case law maintains that the Union acts as the spokesperson for all employees of a business, and has authority to bind those employees for all issues that relate to "wages, hours, and other terms and conditions of employment." In fact, Section 8(a)(5) of the National Labor Relations Act prohibits employers from negotiating these items directly with the employees. Therefore, it would have been an Unfair Labor Practice to have negotiated this issue with Plaintiff directly (or any other employee). Additionally, the Union has jurisdiction to represent its Members in any arbitration, and the

The Honorable Nina R. Morrison
March 9, 2023
Page 2

Arbitrator is clearly tasked per the Arbitration clause with the strict application of the Wage and Hour laws.

Lastly, after a review of PACER, Defendant admits that it revealed that this matter was served on the New York Secretary of State on February 1, 2023. However, as of the dictation of this correspondence, the State has not formally served the Summons and Complaint on Defendant. My office was retained on February 17th to represent Liberty. I have never been asked by counsel for Plaintiff to accept service of the Complaint on behalf of my client.

Based on the foregoing, Liberty requests that a pre-Motion conference be held, and that an Order issue granting its ability to file this Motion.

Thank you for your attention to this matter. Should you require any additional information, please feel free to contact me at your convenience.

Very truly yours,
**HOROWITZ LAW GROUP, LLC**

Steven B. Horowitz, Esq.
shorowitz@horowitzlawgroup.com

SBH/bhs

Cc:  Abdul Hassan, Esq. (via ECF only)
     Liberty Ashes, Inc. (via email only)